## (May 26, 1970)

In the Matter of FRANK PIETRZAK et al., Doing Business as TRADE WINDS, Appellants. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 13, 1964, which determined that musicians performing at the employer's place of business were employees of the employer and not independent contractors, and assessed the employer the sum of $2,333.76 as additional contributions for the audit period from January 1, 1958 to September 30, 1963. The employer owned and operated a restaurant which furnished music and entertainment for the patrons. The musicians who rendered services for the restaurant did so pursuant to a " Form B " type of contract mandated by the By-Laws of the American Federation of Musicians. The employer, in an attempt to avoid the employer-employee relationship established by the contract, instructed the theatrical agent to alter the contract. The agent upon these instructions, added the following to the contracts: " Artists engaged as independent contractors " or " act engaged as independent contractor ". The agent also crossed out the paragraph by which the employer acknowledged his obligation to provide workmen's compensation insurance and pay social security and unemployment insurance taxes. The remainder of the contract remained the same and contained the provision that: " The employer shall at all times have complete control over the services of employees under this contract ". The agent's testimony as to the reason this clause remained in the contract was: " Well, if that was deleted, the union would not honor the contract ". Thus, by agreement, the employer had the right of control whether it exercised it or not. While the employer attempted to establish that this clause was a complete fiction, the evidence is equally susceptible to a finding that the added language of " independent contractors " was a fiction in itself, since the employer knew that to have a union band he had no choice but to sign the union approved contract. In such circumstances, it was within the province of the board to find that appellant was an employer

and subject to contributions. (*Matter of Basin St.* [*Lubin*], 6 N Y 2d 276; *Matter of Coral Inn* [*Catherwood*], 31 A D 2d 771; *Matter of American Legion* [*Catherwood*], 10 A D 2d 400.) Decision affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the court.